# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-887V
### (Not to be published[1])

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| PAUL W. POLING, | |
| Petitioner, | Filed: November 1, 2013 |
| v. | Decision by Stipulation; Influenza Vaccine; Guillain Barre Syndrome (GBS); Chronic Inflammatory Demyelinating Polyneuropathy (CIDP) |
| SECRETARY OF HEALTH AND HUMAN SERVICES | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECISION

**HASTINGS, Special Master**.

This is an action seeking an award under the National Vaccine Injury Compensation Program[2] on account of an injury suffered by Paul W. Poling. On October 31, 2013, counsel for both parties filed a Stipulation, stipulating that a decision should be entered granting compensation. The parties have stipulated that petitioner shall receive the following compensation:

---

[1] Because this document contains an explanation for my action in this case, I intend to post this document on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Therefore, as provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, this entire document will be available to the public. *Id.*

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006 ed.). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2006 ed.).

● A lump sum of $100,000, in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Under the statute governing the Program, as well as the "Vaccine Rules" adopted by this court, the special master must now enter a decision endorsing that stipulation, and the clerk must enter judgment, in order to authorize payment of the award. <u>See</u> § 300aa-12(d)(3)(A) and (e)(3); § 300aa-13(a); Vaccine Rules 10(a), 11(a).[3]

I have reviewed the file, and based on that review, I conclude that the parties' stipulation appears to be an appropriate one. Accordingly, my decision is that a Program award shall be made to petitioner in the amount set forth above. In the absence of a timely-filed motion for review of this Decision, the clerk shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

---

[3] The "Vaccine Rules of the United States Court of Federal Claims" are found in Appendix B of the Rules of the United States Court of Federal Claims.